CAHN and others *v.* QUNG WAH LUNG and others.

*(Circuit Court, D. California.   August 17, 1886.)*

1. COSTS—DEPOSITION—WHEN ALLOWABLE—REV. ST. §§ 823, 824—VOLUNTARY DISMISSAL OF SUIT.
   Where a suit is voluntarily dismissed by the complainant, without a submission or hearing, on a settlement of the case at complainant's costs, with consent of the defendant and the attorneys of both parties, the solicitor's fees for taking depositions are not allowable, under Rev. St. §§ 823, 824.

2. SAME—SPECIAL AGREEMENT—SOLICITOR'S FEES.
   Where a settlement between parties to a suit stipulated that the complainants were not to be charged with the defendant's costs or expenses, and the defendant's attorney, being present, did not object, the subsequent filing of a cost bill against said complainants for defendant's solicitor's fees is a violation of the agreement.

3. SAME—CLERK'S FEES—WHEN CHARGEABLE.
   Clerk's fees are a proper charge under a decree dismissing a case at complainant's costs.

Appeal from Taxation of Costs.

*M. A. Wheaton,* for plaintiffs.

*John L. Boone,* for defendants.

Before SAWYER, circuit judge.

SAWYER, J.   The item of $20, solicitor's docket fees, comes clearly within the case of *Mercartney v. Crittenden,* 24 Fed. Rep. 401, and *Wooster* v. *Handy,* 23 Fed. Rep. 49, decided by Mr. Justice BLATCHFORD on the circuit, therein cited, the suit having been voluntarily dismissed by complainant, without a submission or hearing, with consent of defendant on a settlement of the case.   Those rulings will be adhered to in this court till overruled by the supreme court.   The item must, therefore, be rejected.

The suit was dismissed, as appears by the final decree, on motion of M. A. Wheaton, solicitor for complainant, at complainant's costs; and by reference to the order for a decree entered in the minutes of the proceedings of the court, on May 6, 1886, in pursuance of which the final decree was entered, it appears that the case was ordered to be dismissed at complainant's costs, "on motion of M. A. Wheaton, Esq., solicitor for complainants; John L. Boone, Esq., solicitor for the respondent, being present, and consenting thereto."   Thus, the case appears by the record to have been dismissed before coming to a hearing, on motion of complainant's solicitor, with the consent of defendant's solicitor.   There having been no hearing, the depositions taken were not introduced in evidence.   The solicitor's fees for taking depositions are only allowed for "each deposition taken, *and admitted in evidence.*"   Rev. St. § 824.   And no other compensation than provided for is to be taxed.   Section 823.

A deposition taken might be suppressed for some irregularity, or a deposition, after having been taken, might not be put in evidence,

for the reason that it may have become unnecessary, or not being of sufficient importance to make it material, or for some other cause, satisfactory to the party taking it. Where the deposition is not put in evidence, under such circumstances, I apprehend that the solicitor causing it to be taken would not be entitled to the statutory fee for taking it. So, if for any other sufficient reason the deposition taken is not admittted in evidence by the court upon the trial of a case, it seems to me not to be within the provisions of the statute allowing the fee to the party taking it, such fee being allowed only for a deposition, "taken *and admitted* in evidence, "in a cause." The deposition in this case was not in fact admitted, or used, or offered, in evidence; and for reasons hereinafter stated; and they are not literally within the terms of the statute.

Where a defendant has been put to the trouble and expense of taking a deposition material to his case, it may be that he ought to have this item of his fees allowed, if he is no party to the exclusion, and the plaintiff abandons his case without the acquiescence of the defendant, by voluntarily dismissing it. In such case the action of the plaintiff has occasioned the incurring of the labor and expense.

But in this case the record shows that, after the depositions had been taken, defendant, by his solicitor, consented to the dismissal, and this action obviated any necessity for the use of the depositions. Defendant and his solicitor, therefore, appear to have been consenting parties to the dismissal.

The uncontradicted affidavit on behalf of complainants shows that the case was dismissed in pursuance of a settlement between the parties, upon an agreement that defendants should pay complainants a certain amount of money; that complainants should dismiss the suit; that complainants should give defendants a license to use the patented invention; and that it was distinctly understood and agreed that the amount of money which defendants were to pay the complainants was to be the net amount, clear of any and all the defendant's costs or expenses; that the filing of the present cost bill is a violation of this agreement; and that complainant has fully carried out the agreement. The defendant, then, is not entitled on his own account to recover this fee. The defendant's solicitor does not deny this allegation, but alleges that the settlement was made by the parties themselves, with his knowledge, however, and he simply, without taking part, did not interfere; that the costs of solicitors belonged to him, and defendant could not waive them. He does not claim to have made any objection to the settlement, or the terms, at the time, and, although present and aware of the proceeding when the order for a decree was made, he neither formally assented nor dissented. Upon this state of facts, I think the clerk was justified in inferring that he assented, as recited in the order; and, if not, that the mistake is one of which the solicitor has no right to complain, as he did not himself see that the order was properly entered. Had the facts

at the time been called to the attention of the court, the decree would have been made without costs. Nothing having been said about the settlement, or its terms, and the complainant having moved to dismiss the bill, the clerk, very properly, inferred that the dismissal, as is usual in such cases, was at complainant's costs.

Under the circumstances, I think this item of costs should not be allowed, and it is rejected.

The only other item excepted to is the clerk's fees. The ground of objection is, that, the case having been dismissed by the consent of both parties, it was presumably settled, and no costs ought to have been adjudged against complainant. But the order is, in fact, for a decree of dismissal at complainant's cost, and the decree signed by the judge, and enrolled, calls for costs. The term has passed, and, if there is any mistake in this particular, there is nothing in the record to amend by, and it is too late to correct it. It is made the duty of solicitors, by rule of court, to draw their orders. The very object of the rule is, to secure a correct record. If the solicitors leave these duties to the clerk to perform, they should see that all orders and decrees in their cases so drawn by the clerk are correctly entered. If either side has suffered from this neglect, it is their own fault.

The clerk's fees are allowed, as they are a proper charge under the decree, as entered. Possibly, upon a proper application and a satisfactory showing, the decree for this item may be ordered satisfied. But the amount is small, and hardly worth the effort, and it is not necessary to decide the point now.